Peter Fields (NY Bar No. 858673)
Ritholz Levy Fields LLP
235 Park Ave S, 3rd Floor
New York, New York 10003
fields@rlfllp.com

Chris L. Vlahos (TN BPR 20318) *pro hac to be submitted*
Jenna L. Harris (TN BPR 31150) *pro hac to be submitted*
Ritholz Levy Fields LLP
131 S 11th Street
Nashville, TN 37206
Phone: (615) 250-3939
cvlahos@rlfllp.com
jharris@rlfllp.com

*Attorneys for Defendant DistroKid, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

CHARMING BEATS LLC,                                    Case No.: 21-cv-8422

                          Plaintiff,              **ECF CASE**

              v.                                  **ANSWER TO AMENDED**
                                                  **COMPLAINT**

DISTROKID, LLC,

                          Defendant.
-------------------------------------------------------------x

DistroKid, LLC ("Defendant") responds to Plaintiff's First Amended Complaint

("Complaint") as follows:

1.      Defendant admits this Court has subject matter jurisdiction by virtue of Plaintiff's

allegations but denies the underlying allegations providing the purported basis for jurisdiction.

2.      Defendant admits that this Court has specific jurisdiction over Defendant by

virtue of Defendant's domicile in this District but denies that the address reflected in Paragraph 2

of the Complaint is Defendant's accurate address or headquarters.

3.      Paragraph 3 requires no response.

0176466

4.      Defendant denies the allegations Paragraph 4 of the Complaint.

5.      Defendant denies the allegations Paragraph 5 of the Complaint.

6.      Defendant admits it contracts with customers in this Judicial District. Defendant denies the remainder of Paragraph 6 of the Complaint.

7.      Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 7 of the Complaint and, on that basis, denies.

8.      Defendant admits the allegations in Paragraph 8 of the Complaint.

9.      Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 9 of the Complaint and, on that basis, denies.

10.     Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 10 of the Complaint and, on that basis, denies.

11.     Defendant denies the allegations in the first sentence of Paragraph 11 of the Complaint. Defendant admits that it is engaged in the business of securing licenses to distribute musical tracks to digital music providers and collecting royalties related to exploitation of those musical works. Defendant denies any remaining allegation in Paragraph 11 that is inconsistent with what is admitted herein.

12.     Defendant admits the allegations in Paragraph 12 of the Complaint.

13.     Defendant admits the allegations in Paragraph 13 of the Complaint.

14.     Defendant admits that the quote referenced in Paragraph 14 of the Complaint is a quotation from Defendant's website.

15.     Defendant admits the allegations in Paragraph 15 of the Complaint.

16.     Defendant admits the allegations in Paragraph 16 of the Complaint.

17.     Defendant avers that the quotation from Defendant's website speaks for itself and that no further response to Paragraph 17 from Defendant is required.

18.     Defendant avers that the quotation from Defendant's website speaks for itself and that no further response to Paragraph 18 from Defendant is required.

19.     Defendant denies that it functions as a record label on behalf of its users.

20.     Defendant denies that it has engaged in infringement and that Defendant's exploitation of any musical work at issue in this matter is "infringing." Defendant is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 20 of the Complaint and, on that basis, denies.

21.     Defendant is without knowledge or information to admit or deny the allegations in Paragraph 21 of the Complaint and, on that basis, denies.

22.     Defendant is without knowledge or information to admit or deny the allegations in Paragraph 22 of the Complaint and, on that basis, denies.

23.     Defendant denies the allegations in Paragraph 23 of the Complaint.

24.     Defendant is without knowledge or information to admit or deny the allegations in Paragraph 24 of the Complaint and, on that basis, denies.

25.     Defendant denies the allegations in Paragraph 25 of the Complaint.

26.     Defendant denies the allegations in Paragraph 26 of the Complaint.

27.     Defendant denies the allegations in Paragraph 27 of the Complaint.

28.     Defendant admits that it distributed the three works at issue in the Complaint, at separate points in time between August and October, 2021 but denies the characterization that such distributions were unlicensed or infringing.

29.     Defendant denies the allegations in Paragraph 29 of the Complaint.

30.     Defendant denies that it took any action with respect to cover art other than distributing the artwork that was submitting by its user in connection with the third distributed work. Defendant denies all remaining allegations in Paragraph 30 of the Complaint.

31.     Defendant denies that it took any action with respect to cover art other than distributing the artwork that was submitting by its user in connection with the third distributed work. Defendant denies all remaining allegations in Paragraph 31 of the Complaint.

32.     Defendant denies the allegations in Paragraph 32 of the Complaint.

33.     Defendant admits that it identified to Plaintiff's counsel which of its users were associated with each of the distributed works. Defendant denies that it ever confirmed or otherwise alleged that such works were infringing, and Defendant denies all remaining allegations in Paragraph 33 that are inconsistent with what is expressly admitted herein.

34.     Defendant admits the three users identified by Defendant are French residents. All remaining allegations in Paragraph 34 of the Complaint are denied.

35.     Defendant denies the allegations in Paragraph 35 of the Complaint.

36.     Defendant admits the allegations in Paragraph 36 of the Complaint.

37.     Defendant avers that the quotation referenced in Paragraph 37 speaks for itself and that no further response is required.

38.     Defendant denies the allegations in Paragraph 38 of the Complaint.

39.     Defendant denies the allegations in Paragraph 39 of the Complaint.

40.     Defendant denies the allegations in Paragraph 40 of the Complaint. Defendant avers that its DistroLock technology is utilized at all times but is not foolproof and is subject to internal build-out on an ongoing basis.

41.     Defendant denies the allegations in Paragraph 41 of the Complaint.

42.     Defendant admits the allegations in Paragraph 42 of the Complaint.

43.     Defendant avers that the quotation referenced in Paragraph 43 speaks for itself and that no further response is required.

44.     Defendant avers that the quotation referenced in Paragraph 44 speaks for itself, was made on behalf of DistroKid, and that no further response is required.

45.     Defendant avers that the quotation referenced in Paragraph 45 speaks for itself and that no further response is required.

46.     Defendant avers that the quotation referenced in Paragraph 46 speaks for itself and that no further response is required.

47.     Defendant denies the allegations in Paragraph 47 of the Complaint.

48.     Defendant denies the allegations in Paragraph 48 of the Complaint.

49.     Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 49 of the Complaint and, on that basis, denies.

50.     Defendant denies the allegations in Paragraph 50 of the Complaint.

51.     Defendant denies the allegations in Paragraph 51 of the Complaint.

52.     Defendant denies the allegations in Paragraph 52 of the Complaint.

53.     Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 53 of the Complaint and, on that basis, denies.

54.     Defendant admits that it grants synchronization licenses in connection with the various platform's features and functionality, i.e. user-generated content posting. Defendant denies that it grants commercial synchronization licenses and denies any allegation in Paragraph 54 that is inconsistent with what is admitted herein.

55.     Defendant denies the allegations in Paragraph 55 of the Complaint.

56.     Defendant admits that it distributed the three works at issue on separate occasions on separate instances from separate clients occurring between August and October 2021. Defendant denies any allegation in Paragraph 56 inconsistent with what is admitted herein and avers that the referenced screenshots speak for themselves.

57.     Defendant admits that the reference screenshots reflect uploads by Defendant on behalf of its users but deny that such were unlicensed and denies any remaining allegations in Paragraph 57 that are inconsistent with what is admitted herein.

58.     Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 58 of the Complaint and, on that basis, denies.

59.     Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 59 of the Complaint and, on that basis, denies.

60.     Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 60 of the Complaint and, on that basis, denies.

61.     Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 61 of the Complaint and, on that basis, denies.

62.     Defendant denies the allegations in Paragraph 62 of the Complaint.

63.     Defendant denies the allegations in Paragraph 63 of the Complaint.

64.     Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 64 of the Complaint and, on that basis, denies.

65.     Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 65 of the Complaint and, on that basis, denies.

66.     Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 66 of the Complaint and, on that basis, denies.

67.     Defendant denies the allegations in Paragraph 67 of the Complaint.

68.     Defendant denies the allegations in Paragraph 68 of the Complaint.

69.     Defendant denies the allegations in Paragraph 69 of the Complaint.

70.     Defendant denies that it holds itself out as a record label and denies having a "trusted" relationship with any platform other than Facebook, with which it verifies the licensed status for commercial uses of recordings, or otherwise maintaining any other type of relationship that exempts it from takedowns submitted under the DMCA. Defendant denies any remaining allegation in Paragraph 70 inconsistent with what is admitted herein and avers that the referenced screenshots speak for themselves.

71.     Defendant denies the allegations in Paragraph 71 of the Complaint.

72.     Defendant denies the allegations in Paragraph 72 of the Complaint.

73.     Defendant admits that it has the right to grant a variety of licenses to platforms based on the rights assigned DistroKid by its users. Defendant denies the remaining allegations in Paragraph 73 of the Complaint that are inconsistent with what is admitted herein.

74.     Defendant admits that its users assign a number of rights to Defendant in connection with the works that DistroKid stores and distributes. Defendant denies the remaining allegations in Paragraph 74 of the Complaint that are inconsistent with what is admitted herein.

75.     DistroKid denies that it is not entitled to safe harbor protection under the DMCA and further avers that DistroKid, as a service provider operating a system or network that provides storage at the direction of its users, qualifies it for safe-harbor protection under 17 U.S.C. § 512(c). Moreover, DistroKid has adopted the necessary policies and met the conditions in place for receiving the benefits of the safe-harbor protection afforded by the DMCA with respect to the

allegedly infringing work. Any remaining allegations in Paragraph 75 of the Complaint inconsistent with the foregoing are denied.

76.    DistroKid denies that it is not entitled to safe harbor protection under the DMCA and further avers that DistroKid, as a service provider operating a system or network that provides storage at the direction of its users, qualifies it for safe-harbor protection under 17 U.S.C. § 512(c). Moreover, DistroKid has adopted the necessary policies and met the conditions in place for receiving the benefits of the safe-harbor protection afforded by the DMCA with respect to the allegedly infringing work. Any remaining allegations in Paragraph 76 of the Complaint inconsistent with the foregoing are denied.

77.    Defendant denies the allegations in Paragraph 77 of the Complaint and expressly states that it removed the correlating tracks immediately upon each notice from Plaintiff.

78.    Defendant denies the allegations in Paragraph 78 of the Complaint.

79.    Defendant denies the allegations in Paragraph 79 of the Complaint.

80.    DistroKid denies that it is not entitled to safe harbor protection under the DMCA and further avers that DistroKid, as a service provider operating a system or network that provides storage at the direction of its users, qualifies it for safe-harbor protection under 17 U.S.C. § 512(c). Moreover, DistroKid has adopted the necessary policies and met the conditions in place for receiving the benefits of the safe-harbor protection afforded by the DMCA with respect to the allegedly infringing work. Any remaining allegations in Paragraph 80 of the Complaint inconsistent with the foregoing are denied.

81.    Defendant admits that it received Plaintiff's cease-and-desist letters relating to three separate tracks and that, upon receipt, it immediately marked the content for deletion and removed the referenced track.

82.     Defendant denies the allegations in Paragraph 82 of the Complaint.

83.     Defendant denies the allegations in Paragraph 83 of the Complaint.

84.     Defendant denies the allegations in Paragraph 84 of the Complaint.

85.     Defendant denies the allegations in Paragraph 85 of the Complaint.

86.     Defendant denies the allegations in Paragraph 86 of the Complaint.

87.     Defendant denies the allegations in Paragraph 87 of the Complaint.

88.     Defendant denies the allegations in Paragraph 88 of the Complaint.

89.     Defendant denies the allegations in Paragraph 89 of the Complaint.

90.     Defendant admits that it distributed to the platforms referenced in Paragraph 90 but denies all remaining allegations in Paragraph 90 and expressly denies that any actions were unlicensed, infringing, or required a license from Plaintiff.

91.     Defendant admits that the screenshot reflects its distribution to YouTube and Amazon on behalf of its user but denies all remaining allegations in Paragraph 91 and expressly denies that any actions were unlicensed, infringing, or required a license from Plaintiff.

92.     Defendant denies the allegations in Paragraph 92 of the Complaint.

93.     Defendant denies the allegations in Paragraph 93 of the Complaint and further avers that the artist name associated with the referenced work is 1017.

94.     Defendant admits the allegations in the first sentence of Paragraph 94 of the Complaint and denies all remaining allegations in Paragraph 94.

95.     Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 95 of the Complaint and, on that basis, denies.

96.     Defendant denies the allegations in Paragraph 96 of the Complaint.

97.     Defendant denies the allegations in Paragraph 97 of the Complaint.

98.     Defendant admits that it received Plaintiff's referenced cease-and-desist letter and that it immediately marked the content for deletion and removed the track in response.

99.     Defendant denies the allegations in Paragraph 99 of the Complaint.

100.     Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 100 of the Complaint and, on that basis, denies.

101.     Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 101 of the Complaint and, on that basis, denies.

102.     Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 102 of the Complaint and, on that basis, denies.

103.     Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 103 of the Complaint and, on that basis, denies.

104.     Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 104 of the Complaint and, on that basis, denies.

105.     Defendant denies that it ever received a takedown request from YouTube or otherwise received a notification of a takedown request from YouTube. Defendant denies all remaining allegations in Paragraph 105 of the Complaint.

106.     Defendant denies the allegations in Paragraph 106 of the Complaint.

107.     Defendant denies the allegations in Paragraph 107 of the Complaint. Defendant admits that it distributed a separate track from a separate user on September 1, 2021.

108.     Defendant admits that it distributed the referenced track to the platforms referenced in Paragraph 108 but denies all remaining allegations in Paragraph 108 and expressly denies that any actions were unlicensed, infringing, or required a license from Plaintiff.

109.     Defendant denies the allegations in Paragraph 109 of the Complaint.

110.    Defendant admits that it received Plaintiff's referenced cease-and-desist letter and that it immediately marked the content for deletion and removed the track in response.

111.    Defendant denies the allegations in Paragraph 111 of the Complaint.

112.    Defendant denies the allegations in Paragraph 112 of the Complaint.

113.    Defendant avers that the referenced Exhibit speaks for itself.

114.    Defendant denies the allegations in Paragraph 114 of the Complaint.

115.    Defendant avers that the referenced Exhibit speaks for itself.

116.    Defendant denies the allegations in Paragraph 116 of the Complaint. Defendant admits that it distributed a separate track from a separate user on October 8, 2021.

117.    Defendant denies the allegations in Paragraph 117 of the Complaint and expressly denies that any of its actions were infringing or unlicensed.

118.    Defendant admits that the screenshot reflects its distribution of the referenced track to Spotify on behalf of its user but denies all remaining allegations in Paragraph 118 and expressly denies that any actions were unlicensed or infringing.

119.    Defendant admits that Spotify permits users without a paid membership to access and play certain music, including the tracks at issue in the Complaint.

120.    Defendant denies the allegations in Paragraph 120 of the Complaint.

121.    Defendant admits that the screenshot reflects its distribution to YouTube on behalf of its user.

122.    Defendant admits that it distributed the referenced track to TikTok.

123.    Defendant states that the screenshot in Paragraph 123 of the Complaint speaks for itself. Defendant avers that no further response is required, however, to the extent a response is

required, Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 123 of the Complaint and, on that basis, denies.

124.    Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 124 of the Complaint and, on that basis, denies.

125.    Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 125 of the Complaint and, on that basis, denies.

126.    Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 126 of the Complaint and, on that basis, denies.

127.    Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 127 of the Complaint and, on that basis, denies.

128.    Defendant admits that it received Plaintiff's referenced cease-and-desist letter and that it immediately marked the content for deletion and removed the track in response.

129.    Defendant denies the allegations in Paragraph 129 of the Complaint.

130.    Defendant denies the allegations in Paragraph 130 of the Complaint.

131.    Defendant denies the allegations in Paragraph 131 of the Complaint.

132.    Defendant denies the allegations in Paragraph 132 of the Complaint.

133.    Defendant denies the allegations in Paragraph 133 of the Complaint.

134.    Defendant denies the allegations in Paragraph 134 of the Complaint.

135.    Defendant denies the allegations in Paragraph 135 of the Complaint.

136.    Defendant denies the allegations in Paragraph 136 of the Complaint.

**FIRST CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT**

137.    Paragraph 137 requires no response.

138.    Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 138 of the Complaint and, on that basis, denies.

139.    Defendant denies the allegations in Paragraph 139 of the Complaint.

140.    Defendant denies the allegations in Paragraph 140 of the Complaint.

141.    Defendant denies the allegations in Paragraph 141 of the Complaint.

142.    Defendant admits the allegations in Paragraph 142 of the Complaint.

143.    Defendant admits the allegations in Paragraph 143 of the Complaint.

144.    Defendant denies the allegations in Paragraph 144 of the Complaint.

145.    Defendant denies the allegations in Paragraph 145 of the Complaint.

**SECOND CLAIM FOR RELIEF**
**CONTRIBUTORY COPYRIGHT INFRINGEMENT**

146.    Paragraph 146 requires no response.

147.    Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 147 of the Complaint and, on that basis, denies.

148.    Defendant denies the allegations in Paragraph 148 of the Complaint.

149.    Defendant denies the allegations in Paragraph 149 of the Complaint.

150.    Defendant denies the allegations in Paragraph 150 of the Complaint.

151.    Defendant denies the allegations in Paragraph 151 of the Complaint.

**THIRD CLAIM FOR RELIEF**
**VICARIOUS COPYRIGHT INFRINGEMENT**

152.    Paragraph 152 requires no response.

153.    Defendant denies the allegations in Paragraph 153 of the Complaint.

154.    Defendant denies the allegations in Paragraph 154 of the Complaint.

155.    Defendant denies the allegations in Paragraph 155 of the Complaint.

0176466

156.     Defendant denies the allegations in Paragraph 156 of the Complaint.

157.     Defendant denies the allegations in Paragraph 157 of the Complaint.

**FOURTH CLAIM FOR RELIEF**
**VIOLATION OF DMCA OF 1998 AS AMENDED**

158.     Paragraph 158 requires no response.

159.     Defendant denies the allegations in Paragraph 159 of the Complaint.

160.     Defendant denies the allegations in Paragraph 160 of the Complaint.

161.     Defendant denies the allegations in Paragraph 161 of the Complaint.

162.     Defendant denies the allegations in Paragraph 162 of the Complaint.

163.     Defendant denies the allegations in Paragraph 163 of the Complaint.

164.     Defendant denies that Plaintiff is entitled to any of the relief sought in Paragraph 164 of the Complaint.

Defendant denies Plaintiff is entitled to any of the relief requested in the Complaint, the Prayer for Relief, or to any other relief.

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

Defendant affirmatively states that Plaintiff's Complaint fails to state a claim against Defendant upon which relief may be granted.

**SECOND DEFENSE**

Defendant affirmatively states that Plaintiff's claims are barred, in whole or in part, because Plaintiff has suffered no damage as a result of any action or omission of Defendant.

0176466

### THIRD DEFENSE

Defendant affirmatively states that Plaintiff's claims are barred, in whole or in part, because any damage that Plaintiff purportedly sustained was not legally or proximately caused by Defendant.

### FOURTH DEFENSE

Defendant affirmatively states that the purported infringement of Plaintiff's copyright, if any, was innocent.

### FIFTH DEFENSE

Defendant affirmatively states that Plaintiff's claims are barred, in whole or in part, by the protections afforded Defendant under the Copyright Act and Section 17 U.S.C § 512 (c) of the Digital Millennium Copyright Act.


Dated: December 14, 2021

Respectfully Submitted,
/s/ Peter Fields
Peter Fields
Peter Fields (NY Bar No. 858673)
Ritholz Levy Fields LLP
235 Park Ave S, 3rd Floor
New York, NY 10003
fields@rlfllp.com

Chris L. Vlahos (TN BPR 20318) *pro hac to be submitted*
Jenna L. Harris (TN BPR 31150) *pro hac to be submitted*
Ritholz Levy Fields LLP
131 S 11th Street
Nashville, TN 37206
Phone: (615) 250-3939
cvlahos@rlfllp.com
jharris@rlfllp.com

*Attorneys for Defendant DistroKid, LLC*

0176466